UNITED STATES of America, Appellee,

v.

Clarence E. HOPMANN and Frances Hopmann, Appellants.

No. 86–1157.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1986.

Decided Oct. 9, 1986.

Richard P. Alexander, Fayetteville, Ark., for appellants.

Peter R. Maier, Washington, D.C., for appellee.

Before ARNOLD, WOLLMAN, and MA-GILL, Circuit Judges.

ARNOLD, Circuit Judge.

This case concerns § 1321 of the Food Security Act of 1985 (the Act), Pub.L. No. 99–198, 99 Stat. 1354, 1532–34 (1985), which provides that in certain circumstances the Secretary of Agriculture may permit borrowers who are losing their farm through foreclosure, bankruptcy, or voluntary liquidation to avoid foreclosure or bankruptcy, to retain possession and occupancy of their residence as renters.

I.

The United States, acting for the Farmers Home Administration (FmHA), brought this action to have Clarence Hopmann and his wife, Frances Hopmann, ejected from their residence in Dumas, Arkansas and from about 2,200 acres of farmland located a few miles outside Dumas. FmHA had made loans to the Hopmanns that were secured by this property, but it did not acquire title by foreclosing on these loans. Instead, FmHA purchased the property at foreclosure sales and through other trans-

actions after other, prior lienholders foreclosed.

On January 29, 1986, the District Court for the Eastern District of Arkansas [1] granted summary judgment to the United States. The Hopmanns noticed an appeal to this Court, and, on February 6, 1986, the District Court granted their petition for a stay of execution, subject to the posting of a $200,000 bond.

On February 24, 1986, the Hopmanns moved in this Court for a stay of execution, citing as the basis for their appeal the recently-enacted "homestead protection" of § 1321.[2] The Hopmanns first applied to FmHA for § 1321 homestead protection on February 19, 1986, after the District Court entered judgment. On February 27, 1986, the writer of this opinion issued a stay of execution (requiring no bond of the Hopmanns), pending further consideration of whether § 1321 has any applicability to the Hopmanns.[3] That same day the FmHA issued a letter responding to the Hopmanns' application; the letter stated that FmHA believed there was "no likelihood at all" that the Hopmanns could qualify for § 1321 relief, but invited them to reapply when regulations implementing the statute were in place. We subsequently set the case for argument in June 1986.

In March 1986, FmHA promulgated interim regulations under the Act, and on April 14, 1986, the agency notified the Hopmanns that it would consider their application anew under these regulations. In May, the United States requested, and we granted, a stay of our proceedings pending FmHA's decision on reconsideration. FmHA has since issued a final decision, again denying § 1321 relief, and the United States moves for summary affirmance of the District Court's order of ejectment. We now affirm.

## II.

FmHA's letter rejecting the Hopmanns' application after reconsideration sets forth five justifications for its decision. It states: (1) that homestead retention is not permissible because FmHA acquired the property through the foreclosure of a prior lienholder, rather than through an FmHA foreclosure, a voluntary conveyance, or a conveyance by a trustee in bankruptcy, see § 1321(b)(1); 51 Fed.Reg. 9176 (1986) (to be codified at 7 C.F.R. § 1955.73); (2) that the Hopmanns did not meet a regulation requiring applicants to have been released from liability to FmHA, to have "debt settled" FmHA debts, or to have been discharged in bankruptcy, see 51 Fed.Reg. 9176 (to be codified at 7 C.F.R. § 1955.73(a)(10)); (3) that the Hopmanns failed to demonstrate that they had sufficient income to make necessary rental payments on the property, see § 1321(c)(6); 51 Fed.Reg. 9176 (to be codified at 7 C.F.R. § 1955.72(a)(5)); (4) that the Hopmanns did not present documentation showing that they had made gross annual farm sales of at least $40,000 in at least two calendar years during the five-year period beginning January 1, 1981, see § 1321(c)(3); 51 Fed.Reg. 9176 (to be codified at 7 C.F.R. § 1955.73(a)(2); and (5) that the Hopmanns did not present documentation showing that they received at least 60 per cent. of their gross annual income from farming operations during at least two years of the same five-year period, see § 1321(c)(4); 51 Fed.Reg. 9176 (to be codified at 7 C.F.R. § 1955.73(a)(3)).

The Hopmanns strenuously contest the validity of the first two reasons offered by the FmHA to support its decision.[4] How-

---

1. The Hon. Garnett Thomas Eisele, Chief Judge.

2. Section 1321 became effective on December 23, 1985, the day the Act was enacted. See § 1801 of the Act, 99 Stat. 1660.

3. On March 3, 1986, we modified the stay, limiting it to the Hopmanns' residence and any adjoining property. See § 1321(a)(3), (b)(1).

4. As to FmHA's first reason, the Hopmanns maintain that the Act makes relief available where "a borrower of a loan made or insured [by FmHA] declares bankruptcy or goes into voluntary liquidation to avoid foreclosure or bankruptcy," § 1321(b)(1), and that they are eligible for relief under this provision because

they declared bankruptcy in 1981 to avoid foreclosure. They argue that FmHA's regulation restricting eligibility to cases where FmHA has foreclosed, or acquired the property through voluntary conveyance or from a trustee in bankruptcy, is invalid because it is inconsistent with § 1321(b)(1). The Hopmanns also argue that, in any event, the FmHA regulation is met here because FmHA participated in and encouraged the foreclosure litigation by prior lienholders that resulted in the Hopmanns' loss of their house and farm, an alleged fact not acknowledged by FmHA in its denial of their application. As to FmHA's second justification, the Hopmanns argue that there is no authority or

ever, we find it unnecessary to address the Hopmanns' arguments on these points because we conclude that any of the three remaining justifications is adequate to support FmHA's decision. Section 1321 clearly supports requiring applicants to demonstrate that they are able to pay rent, that they made gross annual farm sales of $40,000 in at least two years between 1981 and 1986, and that they received at least 60 per cent. of their gross annual income from farming in at least two years during this period. The Hopmanns, though given the opportunity to do so, failed to provide FmHA with evidence showing that they met these requirements. The Hopmanns explain that they declined to participate in FmHA's consideration of their application because FmHA's denial of the application was, they believed, "predetermined," and it would have been "better" to have a court consider the matter. This explanation is clearly not adequate to justify the Hopmanns' failure to present any evidence establishing their eligibility to FmHA. They have no right under the Act to have a court decide their eligibility in the first instance; instead, they were entitled only to have FmHA make this decision, subject, of course, to judicial review. By refusing to make their case before the FmHA, the Hopmanns abandoned the possibility of obtaining § 1321 homestead protection.

### III.

Accordingly, the decision of the District Court in favor of the United States is affirmed. The modified stay previously granted by this Court will expire when our mandate issues.

support in the Act for a regulation requiring that the applicant's debts to FmHA have been satisfied or released, and that such a regulation defeats § 1321's purpose.